IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK LE SCHACK, | ) |
| Plaintiff, | ) ) ) 2:20-cv-1233 ) |
| v. | ) ) |
| JOHN DEVEREUX, *et al.*, | ) ) |
| Defendants. | ) ) |

### MEMORANDUM ORDER

Plaintiff Mark Le Schack, who is proceeding *pro se*, has timely objected to the Chief Magistrate Judge's Report & Recommendation, which recommends that Mr. Le Schack's complaint be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2). [ECF 2]. After careful consideration, the Court will overrule Mr. Schack's objections in all but one respect. That is, the Court will adopt the R&R insofar as it recommends dismissal of Mr. Le Schack's complaint for failure to state a claim, but, for the reasons below, the Court will deviate from the R&R by granting Mr. Le Schack leave to amend his complaint.

Under 28 U.S.C. § 636b(b)(1)(C), the Court must make a *de novo* determination of any portions of the R&R to which a party objects. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

In his complaint, Mr. Le Schack alleges that Defendants conspired to violate his federal due-process and equal-protection rights "under cover of state law" by "intimidation, bribery, perjury and extortion." [ECF 1-2, ¶¶ 27-28]. He names two of his ex-wife's family members, an attorney, and a real-estate

agent as defendants.  The relevant facts, as alleged in Mr. Le Schack's complaint, were aptly summarized by the Magistrate Judge as follows:

> [Mr. Le Schack] claims that his ex-wife's parents set up trusts for him and his ex-wife.  He claims that after his ex-wife's parents passed away, he spoke with the attorney Defendant on the phone regarding probate of the will and was told he would receive proceeds from the will.  He claims that at his divorce proceedings, the same attorney stated that [Mr. Le Schack] was not entitled to any trust money.  He claims that he was ordered to pay sanctions and contempt money in connection with his divorce trial and that his ex-brother in law bribed the presiding judges to do so. [Mr. Le Schack] claims that the Defendant attorney, Defendant real estate agent, ex-wife and ex-brother-in-law conspired to force [him] to sell the marital home.  [Mr. Le Schack] claims that this conduct constitutes a violation of his "civil rights by intimidation, bribery, perjury and extortion." Compl. at ¶ 28.  [Mr. Le Schack] also seeks the court to "uncover evidence, interview, [sic] witnesses, examine paper trails and prosecute those responsible for criminal acts[.]" *Id.* at ¶ 29.

[ECF 2, p. 4].

Based on these allegations, the Magistrate Judge found Mr. Le Schack's claims to be legally frivolous for two reasons.  First, she explained that "the federal judiciary does not function as an investigative arm of the federal government and it does not investigate or prosecute matters[.]" [*Id.*].  Second, she held that Mr. Le Schack had not alleged any plausible violation of his civil rights "because all of the Defendants … are private individuals," and "[p]urely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." [*Id.* (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994)].

In response, Mr. Le Schack objects that the Magistrate Judge's conclusions are "extremely harsh and unwarranted." [ECF 3, p. 1]. More specifically, he argues: (1) that "[t]he attorneys and the Judges" named in the complaint "are public individuals as they are officers of the court and need to be held accountable"; and (2) that while it is "generally true" that "the Court does not investigate criminal acts" a "federal judge has the responsibility to make sure that justice is served" and "to make sure that evidence of corruption is investigated by the United States Attorney." [*Id.*].

Only the first of these arguments presents a substantial challenge to the Magistrate Judge's holding.[1] On that point, the Magistrate Judge was correct that Mr. Le Schack's claims against "[t]he attorneys and the Judges" named in the complaint do not, as pled, plausibly allege unlawful conduct by a "state actor." [*Id.*]. But the Court respectfully disagrees with the Magistrate Judge's determination that granting Mr. Le Schack leave to amend would necessarily be futile.

To be sure, "a private attorney is not a state officer so as to bring his actions within the purview of [Section] 1983." *Brown v. Joseph*, 463 F.2d 1046, 1048 (3d Cir. 1972). But there are circumstances in which a private party can be held liable under Section 1983, and Mr. Le Schack's complaint alludes to

---

[1] Mr. Le Schack's second argument does not directly bear on the question of whether Mr. Le Schack has stated a claim for relief. And, in any event, the Magistrate Judge was correct to note that Courts do not operate as an investigative or prosecutorial arm of the federal government. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). In other words, "courts are not inquisitors of justice but arbiters of adversarial claims." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 181 (1989) (Scalia, J. dissenting). Here, before embarking on discovery of any kind, Mr. Le Schack must articulate a viable claim for relief against a state actor under Section 1983. As will be discussed, he has not yet done so.

one of them—albeit without enough specificity to survive dismissal for now. That is, "a private party acting in a conspiracy with state officials may be liable as a state actor." *Smith v. Wambaugh*, 29 F. Supp. 2d 222, 226 (M.D. Pa. 1998) (citation omitted); *see also Melo v. Hafer,* 912 F.2d 628, 638 (3d Cir. 1990) ("[P]rivate parties acting in a conspiracy with a state official to deprive others of constitutional rights are also acting 'under color' of state law."); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting see [sic] 'under color' of law for purposes of § 1983 actions.").

Here, Mr. Le Schack alleges that his brother-in-law bribed the judges presiding over his divorce proceedings. [ECF 1-2, § I, II, ¶ 14]. If plausibly supported by alleged facts, such a bribery scheme could support a Section 1983 claim against Mr. Le Schack's brother-in-law. *Cf. Dennis*, 449 U.S. at 28 ("[H]ere the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law . . . Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 as it has been construed in our prior cases.").

As currently pled, however, Mr. Le Schack offers only conspiratorial assumptions to support his allegations of bribery. For example, he suggests that because the evidence he presented during his divorce proceedings was "unassailable," only "a judge who sought and received bribery money would have entered" the sanctions order Mr. Le Schack complains of. [ECF 1-2, ¶ 14]. Thus, he argues, "[i]t can be reasonably assumed that John Devereux through the auspices of the law firm Lisa Marie Vari Associates bribed both judges." [*Id*.]. This speculative assumption is insufficient to survive dismissal, absent

specific alleged facts that plausibly suggest Defendants engaged in a corrupt bribery scheme of this kind. *See Harmon v. Delaware Sec'y of State*, 154 F. App'x 283, 285 (3d Cir. 2005) ("[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."); *Himchak v. Dye,* 684 F. App'x 249, 253 (3d Cir. 2017) ("Himchak's conclusory allegations of conspiracy are not sufficient to plead a claim that these attorneys conspired with any state actors.").

For these reasons, the Court will adopt the Magistrate Judge's recommendation that it dismiss the complaint at this time. However, because Mr. Le Schack's complaint alludes to a legally viable theory, and because *pro se* complaints must be construed liberally, the Court will depart from the Magistrate Judge's recommendation that the Court deny leave to amend. Instead, the Court will provide Mr. Le Schack an opportunity to amend his complaint, if he so desires, to articulate any facts that support his claim that some or all of the defendants were involved in a scheme to bribe the judges presiding over his divorce trial. He must do so by **November 27, 2020**.

The Court cautions Mr. Le Schack that he should amend his complaint only if he can do so consistent with Federal Rule of Civil Procedure 11(b), which prohibits a party from pleading facts without a good faith, evidentiary basis for believing them to be true. *See* Fed. R. Civ. P. 11(b)(1), (b)(3). If no amended complaint is filed by November 27, 2020, the Court will convert this dismissal into one with prejudice.

DATED: November 17, 2020    BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge